```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

CURD MINERALS, LLC,
A Virginia limited
liability company,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:22-00113

DIVERSIFIED PRODUCTION, LLC,
A Pennsylvania limited liability
company,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are a number of motions dealing with plaintiff's late and/or incomplete disclosures throughout these proceedings. These motions are:

1) Defendant's motion to strike plaintiff's expert disclosure. ECF No. 23.

2) Defendant's motion to strike plaintiff's expert reports with combined request for expedited hearing. ECF No. 33.

3) Defendant's motion to strike L. Rick Dorsey as a Rebuttal Expert Witness for Plaintiff. ECF No. 37.

4) Defendant's motion in limine to exclude Damon Wilkewitz as Expert/Rebuttal Witness and to Exclude Survey. ECF No. 56.

For the reasons discussed below, ECF Nos. 23, 33, and 37 are **DENIED** and the motion to exclude Wilkewitz is **GRANTED**.

## Analysis

Local Rule of Civil Procedure 37.1(b) requires that "[b]efore filing any discovery motion, including any motion for

sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange the meeting." This rule, like Local Rule of Civil Procedure 37.1(d) which requires parties to "attempt in good faith to resolve [discovery disputes] without judicial intervention[,]" serves the important purpose of allowing a noncompliant party to come into compliance without involving the court. And, where a party fails to still meet its obligations, the court's local rules set forth a process whereby a magistrate judge attempts to address discovery problems at an early juncture.

    Federal Rule of Civil Procedure 37(c)(1) governs the failure to make disclosures. If a party provides untimely or inadequate expert disclosures, Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). On motion, the Court may choose to additionally or alternatively "(A) . . . order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) . . . inform the jury of the party's failure; and (C) . . . impose

other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37 (c)(1)(A)- (C).

The Fourth Circuit has held that district courts have broad discretion and should consider the following factors when determining whether the nondisclosure of evidence is substantially justified or harmless under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The purpose of Rule 37(c)(1) is to prevent "surprise and prejudice to the opposing party." Id. at 596. Hence, the Fourth Circuit's test "does not require a finding of bad faith or callous disregard of the discovery rules." Id.

Plaintiff bears the burden of demonstrating that the Southern States factors weigh against excluding the evidence. See Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these [Southern States] factors lies with the non-disclosing party. . . .").

With the foregoing in mind, the court considers defendant's motions.

    *A.    Motion to Strike Expert Disclosures*

According to the Scheduling Order in this case, plaintiff's Rule 26(a)(2) disclosures were to be served no later than September 16, 2022. Plaintiff timely filed disclosures indicating that it intended to rely on expert witness testimony from Timothy L. Keely, Richard L. Dorsey, Esq., and Marshal Robinson. However, plaintiff did not provide "(i) complete statements of all opinions that the experts will provide; (ii) the facts or data considered by the experts; or (iii) a listing of all cases in which the experts have testified." ECF No. 23 at 2. Citing a district court case from the Eastern District of Virginia, defendant maintained that it had "no obligation to meet and confer regarding Plaintiff's deficient Rule 26(a)(2) disclosures." Id. at 4.

Plaintiff filed an opposition to defendant's motion to strike. See ECF No. 24. Counsel for defendant indicated that he had been experiencing health difficulties related to COVID-19 and was amenable to an extension of the deadline(s). Plaintiff did not, however, file a separate motion to extend the existing deadlines.

    *B.    Motion to Strike Expert Reports of Rick Dorsey and Tim Keely.*

Shortly after defendant filed its motion to strike plaintiff's expert disclosures, plaintiff served the expert reports of Rick Dorsey and Tim Keely. Plaintiff did so in order

to address the deficiencies defendant noted in its motion. Defendant, nevertheless, moved to strike these reports because they were late under the Scheduling Order and, according to defendant, prepared with the benefit of review of Diversified's expert.

    C.   *Motion to Strike Rebuttal Expert Report of Dorsey*

Defendant moved to strike Dorsey's rebuttal report for a number of reasons, one of which was his failure to file the required Rule 26 disclosure. Plaintiff apparently did however serve the report on defendant.[1]

There is no dispute and counsel for plaintiff admits that he has failed to meet certain deadlines in this case. The court, however, concludes that he has provided a good reason for his failures with respect to Dorsey and Keeley.[2] Over the course of the COVID-19 pandemic, the court has granted countless extensions of deadlines due to the difficulties persons who have contracted the virus have encountered. To be sure, counsel for plaintiff should have reached out to opposing counsel and/or filed a motion to continue the scheduling order in this case. However, plaintiff's counsel did attempt to comply with the deadlines

---

[1] To the extent defendant's motion to strike Dorsey's report was based on Dorsey's qualifications and/or fitness to provide testimony, defendant may renew the motion.

[2] The same cannot be said for plaintiff's late disclosure regarding Damon Wilkewitz and, therefore, defendant's motion as to him, ECF No. 56, is **GRANTED**.

shortly after defendant filed its various motions.  To the extent defendant has suffered any surprise due to plaintiff's late disclosures, the court will reopen discovery to allow defendant to cure that surprise.

Accordingly, the parties are hereby directed to confer regarding the reopening of discovery and inform the court how much additional time is needed.  Once the court has that date, it can reschedule this matter for trial.  After the parties confer regarding additional discovery, defendant should inform the court if its motion for an expedited status conference still requires a ruling.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 18th day of May, 2023.

ENTER:

_David A. Faber_ (signature)

David A. Faber
Senior United States District Judge